# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **FLOYD T. HARRIS and** | ) | |
| **DARLENE A. HARRIS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CV 06-PT-0748-M** |
| | ) | |
| **REGIONS BANK d/b/a** | ) | |
| **REGIONS MORTGAGE,** | ) | |
| **SUCCESSOR BY MERGER TO** | ) | |
| **UNION PLANTERS BANK, N.A.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

This cause comes on to be heard upon defendant Regions Bank's Renewed Motion to Dismiss filed on May 12, 2006, converted by this court to a Motion for Summary Judgment on June 26, 2006.

## FACTS AND PROCEDURAL HISTORY

In or about January 2004, the plaintiffs Floyd T. Harris and Darlene A. Harris (hereinafter referred to as "the Harrises"), who are pro se litigants in this action, borrowed money from Union Planters Bank, N.A. The loan was secured with a mortgage on the tract of land at issue in this action.[1] The defendant Regions Bank (hereinafter "Regions") subsequently merged with Union Planters Bank. The Harrises defaulted on the note and Regions foreclosed on the mortgage. When the Harrises refused to vacate the property, Regions initiated eviction proceedings in the

---

[1] Though the Harrises at one point refer to the real property at issue as their "home," it is difficult to ascertain from the pleadings and submissions whether the land at issue was improved with a residence.

1

Circuit Court of St. Clair County, Alabama. The parties filed cross-motions to dismiss in that court, and the Harrises alleged, among other things, that Regions mishandled their loan and mortgage, violated the Truth in Lending Act and various other federal statutes, wrongfully foreclosed on their mortgage, failed to participate in the "Private Administration Process" purportedly initiated by the Harrises, and failed to "validate" their debt.

On February 2nd, 2006 the Circuit Court of St. Clair County entered a judgment as a matter of law against the Harrises. That judgment held that:

1.  Regions lawfully foreclosed on the Harrises' mortgage;
2.  the Counter-Claim filed by the Harrises failed to state any claim upon which relief could be granted; and
3.  the Motion to Dismiss filed by the Harrises was frivolous and without merit.

The Circuit Court entered sanctions against the Harrises. The Harrises did not appeal his decision. They instead refiled their claims in the United States District Court for the Middle District of Alabama. Regions moved to transfer this case to the Northern District of Alabama, and the Harrises concurred.

In their Complaint, the Harrises allege that they were denied access to "Their Original Promissory Note" (sic) in violation of their Fifth Amendment due process rights. The Harrises claim that they were "denied Due Process Right to Face the Injured Party to their Private Contract or to see evidence." According to the Harrises, the Circuit Court of St. Clair County denied due process to them by depriving them of their property in the absence of any evidence of the alleged debt. They accuse Regions of violations of the Fifth Amendment, 18 U.S.C. § 242, the Fair Debt Collection Practices Act §§ 809 (a) and (b), the Truth in Lending Act, and the Consumer Credit Protection Act § 112.

The Harrises seek an award for damages in the amount of five million dollars. They

calculate that amount as follows:

- Amount of alleged loan ($143,616.84) + ($143,616.84 x 3) = ($574,467.36) as established by Common Law from The Old Testament of The Bible.
- Plaintiffs Deposit of ($7,000) + (x 3) = ($28,000) as established from above.
- The purported balance at closing ($133,000) = (x 3) = ($532,000) as established from above.
- For Defendant REGIONS acting in bad faith, pretending to not be aware of Plaintiffs Private Administrative Process after having received several advanced notices from Plaintiffs that said [pending Administrative Process was well underway prior to Defendant commencing any of its unlawful foreclosure proceedings, ($216, 597.92)
- For the unlawful foreclosure & sale of our home and Real Property listed as Lot 3 of The Rolling Hills Subdivision in the plat book A-85, pg 8 in the Judge of Probate Office in Pell City, St. Clair County, Alabama, ($143, 616.84) + (x 3) = ($574,467.36)
- Defendant REGIONS dishonor of mortgage loan contract/debt obligation when it failed to validate the alleged debt after several written requests in Affidavit form ($574,467.36)
- Principal and interest Defendant REGIONS collected from Plaintiffs for 10 months during time Plaintiffs were in possession of the Real Property listed as Lot 3 of The Rolling Hills Subdivision in the plats book A-85, pg 8 in Judge of the Probate Office in Pell City, St. Clair County, Alabama, in the amount of ($10,678.60.)
- Pain, Suffering, and Public Humiliation, Duress, and Libel for wrongfully publishing our property as being foreclosed ($1,500,000.00)
- For Wrongful ejection from Property by Court Order, rendering Plaintiffs "Homeless" ($1,000,000.00)
  For a grand total of ($5,000,000.00) Five Million Dollars!

*See* Amended Complaint, at 4-5.

On June 26, 2006 this court entered a Submission Order converting Regions' Motion to

Dismiss to a Motion for Summary Judgment, giving additional time for all parties to respond. No

further briefing has been submitted by either party, and the Harrises proffered no evidence in

support of their claims.

## SUMMARY JUDGMENT STANDARD

3

Summary judgment may be granted based upon facts developed through pleadings, discovery, and supplemental affidavits, etc., if together, they show that there is no genuine issue as to any material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party moving for summary judgment bears the initial burden of explaining the basis of his motion.  *Celotex*, 477 U.S. at 323.  "It is never enough [for the movant] simply to state that the non-moving party could not meet their burden at trial."  *Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000) (quotation omitted).  The non-moving party then bears the burden of pointing to specific facts demonstrating that there is a genuine issue of fact for trial.  *Celotex*, 477 U.S. at 324.  The non-moving party "must either point to evidence in the record or present additional evidence 'sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.'"  *Hammer v. Slater*, 20 F.3d 1137, 1141 (11th Cir. 1994) (quotation omitted).  Summary judgment is required where the non-moving party merely repeats its conclusory allegations, unsupported by evidence showing an issue for trial.  *Comer v. City of Palm Bay,* 265 F.3d 1186, 1192 (11th Cir. 2001) (citation omitted).

Summary judgment will not be granted until a reasonable time has been allowed for discovery.  *Comer*, 265 F.3d at 1192.  Moreover, "[w]hen deciding whether summary judgment is appropriate, all evidence and reasonable factual inferences drawn therefrom are reviewed in a light most favorable to the non-moving party."  *Korman v. HBC Florida, Inc.*, 182 F.3d 1291, 1293 (11th Cir. 1999).  Finally, the trial court must resolve all reasonable doubts in favor of the non-moving party, although it need not resolve all doubts in a similar fashion.  *Earley v.*

*Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990).

## ARGUMENTS[2]

I.     **Defendant's Motion for Summary Judgment.**

According to Regions, the Harrises previously raised and argued these same claims in the

Circuit Court of St. Clair County, Alabama, where they lost on the merits. Regions relies on the

"Rooker-Feldman doctrine" for its assertion that this court does not have the authority to review

the final judgments of state courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16

(1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983);

*Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001). Regions asserts that the Eleventh

Circuit has explained:

> The Rooker-Feldman doctrine provides that federal courts, other than the United
> States Supreme Court, have no authority to review the final judgment of state
> courts. The doctrine extends not only to constitutional claims presented or
> adjudicated by a state court, but also to claims that are "inextricably intertwined"
> with a state court judgment.

*Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (internal citations omitted).

Accordingly, Regions argues that it is entitled to summary judgment.

II.    **Plaintiff's Response.**

The Harrises argue that Regions had no right to secure the alleged loan at issue with a

mortgage because it never loaned its money to the Harrises. According to the Harrises, the

contract closing on February 9, 2004, was void upon its inception because Regions lacked full

disclosure. The Harrises claim:

> Regions, in fact, admitted through silent acquiescence, and in writing in their

---

[2]This section summarizes the arguments made by the parties and does not necessarily
reflect the conclusions reached by the court.

"Renewed Motion to Dismiss" to Converting the Plaintiff's Original Non-negotiable Promissory Note into a Negotiable Bearer Bond Without Plaintiff's knowledge or consent, by way of an Undisclosed "Allonge" which was then monetized/securitized and included in the Defendant's sales of asset-backed securities. Plaintiffs' original promissory note was in fact utilized to fund the Plaintiffs' loan. Thus, Plaintiffs' own money was used to fund their own loan, not REGIONS'! REGIONS understands that whomever "funds" the loan is the Lender. Plaintiffs further hold that said "Allonge" contains several key pieces of evidence that are in essence REGIONS' admission of guilt to: Theft of Plaintiffs' Line of Credit, b) Forgery by affixing Plaintiffs' name or signature to said Allonge without Plaintiffs' knowledge or consent, c) Conversion of Plaintiffs' Original Non-Negotiable Promissory Note into a Negotiable Bearer Bond on a Date Preceding the Closing Date of February 9, 2004 again without Plaintiffs' knowledge or consent. All of these unethical, and unlawful contractual and commercial violations amount to Fraud, regarding REGIONS' claim that they loaned us money.

In support of the above, the Harrises rely on, among others, *Grow v. Cockrill*, 39 S.W. 60 (Ark. 1897); *Carr* v. *Weiser State Bank of Weiser, Idaho*, 66 P.2d 1116 (Ida. 1937); and *Byron v. First National Bank of Roseburg*, 146 P. 516 (Ore. 1915).

The Harrises claim that they were told, though they omit by whom, during the Circuit Court proceeding that their claims were federal and "had no place or remedy in State Courts" and the Circuit Court judge stated that he was "only there to rule on [the] foreclosure." According to the Harrises, they interpreted this to mean that none of their arguments were under consideration in the state court proceeding. The claim that the chose not to appeal the Circuit Court decision to the Alabama Court of Civil Appeals or the Alabama Supreme Court because they believe their claims to be federal claims and a federal court to be the proper venue for hearing those claims.

## III.   Defendant's Reply.

According to Regions, not only did the Harrises have a reasonable opportunity to raise their claims in state court, "it is undisputed that these are the same issues that the Plaintiffs, in fact, raised and argued in those proceedings." Regions notes that the Harrises admit that these

claims were raised and argued in the state court proceedings, pointing to the Harrises' Response
to Regions' Motion to Dismiss. Regions argues that the Harrises' claim that their arguments
"were cut short, overlooked, and not considered by the State Court" and that the state court's
decision was "wrong" should have been directed to the Supreme Court of Alabama. *See Johnson
v. De Grandy*, 512 U.S. 997, 1005-1006 (1994) (holding that the *Rooker-Feldman* doctrine bars a
losing party in state court "from seeking what in substance would be appellate review of the state
judgment in a United States district court...").

     Regions argues that the Harrises' claims are inextricably intertwined with the matters
resolved by the state court proceedings. *See Ransom v. State of Georgia*, No. 05-16914, 2006 WL
1313171, at *1 (11th Cir. May 12, 2006) ("[a] federal claim is inextricably intertwined with a
state court judgment if the federal claim succeeds only to the extent that the state court wrongly
decided the issues before it."). According to Regions, "[t]he *Rooker-Feldman* doctrine, however,
jurisdictionally bars 'cases brought by state-court losers complaining of injuries caused by state-
court judgments rendered before the district court proceedings commenced and inviting district
court review and rejection of those judgments,'" (*citing Exxon Mobil Corp. v. Saudi Basic Indus.
Corp.*, 544 U.S. 280, 284 (2005)).

     Regions claims that, even if this court could exercise jurisdiction over the claims at issue,
those claims would still be barred by the doctrine of *res judicata*. According to Regions, the test
for *res judicata* in the state of Alabama, consists of, "(1) a prior judgment on the merits, (2)
rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4)
with the same cause of action presented in both actions." *Kizzire v. Baptist Health System, Inc.*,
441 F.3d 1306, 1308-09 (11th Cir. 2006) (*quoting Equity Res. Mgmt., Inc. v. Vinson*, 723 So. 2d

634, 636 (Ala. 1998)). "If all four elements are met, any claim that was, or could have been, adjudicated in the prior action is barred from future litigation." *Id*. Regions argues that it is undisputed that the same nucleus of operative facts that was at issue in the state court proceedings is also the basis of the claims before this court. Therefore, Regions concludes, *res judicata* bars any further litigation on these or any other claims that could have been asserted in the state court proceedings.

## CONCLUSIONS OF THE COURT

For reasons asserted and proved by the defendant, Regions' Motion to Dismiss converted by the court to a Motion for Summary Judgment will be Granted. This case will be dismissed, with prejudice, and costs will be assessed to the plaintiffs.

This 26th day of July, 2006.

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**